UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

STIDER TERTUS,                                                    20 CV 604 (ARR) (LB)

                Plaintiff,                             AMENDED
                                                                 COMPLAINT AND
    - against -                                        JURY TRIAL DEMAND

P.O. SEAN RAFFERTY, Shield No. 17816 and
P.O. ANTHONY SPEDALERI, Shield No. 23674,

                Defendants.

-------------------------------------------------------------------------X

Plaintiff, STIDER TERTUS, by his attorney, ALAN D. LEVINE, ESQ., complaining

of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1.    This is a civil action, seeking compensatory damages and attorney's fees.

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the

fourth and fourteenth amendments to the Constitution of the United States.

3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.    Venue is properly alleged in the Eastern District of New York in that the

acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

5.    Plaintiff hereby demands a trial by jury of all issues in this action that are

so triable.

## PARTIES

6.    At all times relevant hereto, plaintiff, STIDER TERTUS, was and is a

natural person, resident in the County of Queens, City and State of New York.

7.     At all times relevant hereto, defendant P.O. SEAN RAFFERTY, Shield No. 17816, (hereinafter "RAFFERTY") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

8.     At all times relevant hereto, defendant P.O. ANTHONY SPEDALERI, Shield No. 23674, (hereinafter "SPEDALERI") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9.     The defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS RAFFERTY and SPEDALERI
### (42 U.S.C. §1983)
### (False Arrest)

10.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "9" hereinabove as if more fully set forth at length herein.

11.     On or about February 4, 2017, at approximately 10:50 P.M., at or near the southeast corner of 139th Street and Jamaica Avenue in the County of Queens, City and State of New York, plaintiff pulled the motor vehicle he was driving over to the curb and brought it to a stop.

12.     Defendant RAFFERTY approached plaintiff's vehicle and informed plaintiff that he would have to move his vehicle as he had stopped it too close to a fire hydrant.

13.     Plaintiff moved his vehicle and parked it in a legal spot.

14.     Plaintiff exited his vehicle.

15.     Defendant RAFFERTY demanded plaintiff's operator's license and asked plaintiff if he had been drinking or smoking marijuana.

16.     Plaintiff stated that he had not had any alcohol to drink, had not smoked any marijuana and was going to buy Chinese food and then proceed to work.

17.     Plaintiff had two unopened cans of beer on the floor of the front passenger side of his vehicle.

18.     Defendant RAFFERTY placed plaintiff under arrest and had him transported to the stationhouse of the 103rd Precinct.

19.     Within approximately one hour, plaintiff was transported to the stationhouse of the 112th Precinct.

20.     At the stationhouse of the 112th Precinct, plaintiff was given a breathalyzer test by defendant SPEDALERI.

21.     The aforementioned breathalyzer test was administered to plaintiff approximately ninety minutes subsequent to his arrest.

22.     The result of the breathalyzer test indicated that plaintiff had an alcohol level of 0.00.

23.     Defendant SPEDALERI also conducted a coordination test of plaintiff.

24.     Defendant SPEDALERI reported that plaintiff was unable to adequately perform the tasks given to him during the coordination test.

25.     Upon information and belief, plaintiff, who is not a native English speaker, was unable to understand the commands for the coordination test that defendant SPEDALERI gave him.

26.     Defendant RAFFERTY asked plaintiff if he had ingested any medicine.

27.     Plaintiff responded that he took medication for high blood pressure and high cholesterol and that he also took a low dose aspirin tablet every day.

28.     Upon information and belief, defendants RAFFERTY and/or SPEDARELI took a urine sample from plaintiff to be tested for the presence of drugs.

29.     Plaintiff was transported to Queens Central Booking.

30.     On February 5, 2017, plaintiff appeared before a judge of the Criminal Court of the City of New York, County of Queens, where he was falsely and maliciously charged, upon the complaint of defendant RAFFERTY, with violating Vehicle and Traffic Law §1192.4, driving while ability impaired by drugs, an A misdemeanor; and with disorderly conduct, a violation of Penal Law §240.20(5) for intentionally causing public inconvenience, annoyance or alarm, or recklessly creating a risk thereof by obstructing vehicular traffic.   According to the aforementioned complaint, plaintiff had committed disorderly conduct, a violation, by stopping at a steady red light and then parking and exiting his vehicle.

31.     All charges against plaintiff were dismissed and sealed in Criminal Court of the City of New York, County of Queens on March 10, 2017.

32.     The charges against plaintiff were dismissed and sealed because his urine test results did not indicate the presence of any controlled substances in his body.

33.     Defendant RAFFERTY violated plaintiff's right to be arrested and charged only with probable cause, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, while acting under color of state law, he falsely and maliciously arrested him for driving while impaired by drugs and for disorderly conduct, and falsely and maliciously initiated a prosecution against him for said offenses.

34.     Defendant SPERADELI violated plaintiff's right to be arrested and charged only with probable cause, guaranteed to him by the fourth and fourteenth amendments

to the Constitution of the United States, in that, while acting under color of state law, he falsely and maliciously alleged that plaintiff was under the influence of intoxicating beverages or drugs because he was unable to complete any of the tasks demanded of him during the coordination test although it was not at all clear that plaintiff understood said demands and despite the facts that plaintiff's breathalyzer and urine test results showed that plaintiff was not under the influence of any alcohol or controlled substances.

35.    Because of the aforementioned acts committed by the defendants, plaintiff suffered a deprivation of his rights to be arrested and prosecuted only with probable cause, guaranteed to him by the fourth amendment to the Constitution of the United States and, as a result, was incarcerated; was compelled to appear in court to defend himself against the criminal charges falsely made against him; had to pay for the services of an attorney to defend him; and suffers, and continues to suffer, serious and permanent emotional injuries.

36.    By reason of the aforementioned unconstitutional and illegal actions taken against him by the defendants, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove, such amount to be determined at the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT RAFFERTY
### (42 U.S.C. §1983)
### (Denial of Fair Trial)

37.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" hereinabove as if more fully set forth at length herein.

38.     Defendant RAFFERTY deprived plaintiff of a fair trial by perjuring himself when he provided information to the office of the Queens County District Attorney that an employee of said office used to prepare the criminal complaint against plaintiff, and then by signing the aforementioned complaint under the penalty of perjury.

39.     New York Vehicle and Traffic Law §1192(4) provides as follows:

> (4) Driving while ability impaired by drugs.  No person shall operate a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter.

40.     New York Vehicle and Traffic Law §114-a defines "drug" as any substance listed in New York Public Health Law §3306.

41.     The drugs listed in New York Public Health Law §3306 are designated "controlled substances."

42.     The categories of controlled substances listed in New York Public Health Law §3306 are opiates, opium derivatives, hallucinogenic substances, depressants, stimulants, synthetic canabinoids, canabimimetic agents, immediate precursors, anabolic steroids.

43.     The medications that plaintiff informed defendant RAFFERTY that he was taking regularly, namely blood pressure medication, cholesterol reducing medication and low dose aspirin are not included in any of the categories defined as controlled substances by New York Public Health Law §3306.

44.     Moreover, plaintiff did not test positive for any controlled substance.

45.     Thus, defendant RAFFERTY had no probable cause whatsoever for alleging that plaintiff was under the influence of any controlled substance and perjured himself when he attested that plaintiff had used such substances.

46.     Defendant RAFFERTY further perjured himself when he falsely alleged that plaintiff's act of parking and exiting his vehicle had obstructed vehicular traffic.

47.     Defendant RAFFERTY's aforementioned acts of perjuring himself constituted a denial of plaintiff's right to a fair trial, in violation of rights guaranteed to plaintiff by the fifth, sixth and fourteenth amendments to the Constitution of the United States.

48.     Because of the aforementioned acts committed by defendant RAFFERTY, while he was acting under color of state law, plaintiff suffered a deprivation of his right to a fair trial, guaranteed to him by the fifth, sixth and fourteenth amendments to the Constitution of the United States and, as a result, was incarcerated; was compelled to appear in court to defend himself against the criminal charges falsely and maliciously made against him; had to pay for the services of an attorney to defend him; and suffered, and continues to suffer, permanent emotional injuries.

49.     By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant RAFFERTY, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove, such amount to be determined at the trial of this action.

WHEREFORE, plaintiff, STIDER TERTUS, demands judgment against defendants, P.O. SEAN RAFFERTY, Shield No. 17816 and P.O. ANTHONY SPEDARELI, Shield No. 23674, as follows:

FIRST CAUSE OF ACTION:     An amount sufficient to compensate plaintiff for his injuries as enumerated hereinabove, such amount to be determined at the trial of this action; and

SECOND CAUSE OF ACTION:   An amount sufficient to compensate plaintiff for his injuries as enumerated hereinabove, such amount to be determined at the trial of this action.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated:  Kew Gardens, New York
        February 26, 2021

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2418